IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONNELL JOHNSON, #356-679 | * |
| Petitioner | * |
| v. | * CIVIL ACTION NO. L-11-3124 |
| BOBBY P. SHEARIN, *Warden*, et al. | * |
| Respondents | * |

*****

### MEMORANDUM

On November 2, 2011, the Court received Donnell Johnson's ("Johnson") Petition for Habeas Corpus relief filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondents have filed a limited answer to the Petition (ECF No. 5), making this case ready for dispositive review. Petitioner has not replied. After examining the papers, the Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2254 (e)(2). For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

### Procedural History

Johnson was tried from March 3 through 6, 2009, by a jury in the Circuit Court for Baltimore City, with the Honorable John C. Themelis presiding. ECF No. 5, Exs. 1, 2 and 5. Johnson was found guilty, on March 6, 2009, of first degree murder and use of a handgun in the commission of a crime of violence. He was sentenced, also on May 6, 2009, to life in prison without the possibility of parole, plus a concurrent 20-year term of imprisonment. Id.

Johnson noted an appeal to the Maryland Court of Special Appeals, through counsel, raising the following claims:

> 1. Was the trial judge clearly erroneous in finding defense counsel's reasons for using a peremptory strike on a white juror to be pretexts for purposeful discrimination?
>
> 2. Did the trial judge err in denying Appellant's motion for a mistrial after the State revealed at mid-trial a police ballistics report containing exculpatory evidence?
>
> 3. Where the state showed to the jury surveillance videotapes of events surrounding the crime, did the trial judge err by allowing the lead detective in the case, who was not an expert witness or a firsthand witness to the crime, to give the jury his own judgments as to what the tapes suggested?

ECF No. 5, Exs. 2 through 5.

Johnson's convictions were affirmed by the Court of Special Appeals on April 20, 2011, in an unreported opinion. Id., Ex. 5. The court found that (1) Johnson's challenge to the use of peremptory strikes was waived and without merit, (2) the trial court did not abuse its discretion in denying a mistrial, and (3) the challenge to the detective's testimony was not preserved and was without merit. The court further found that if the issue had been preserved and the trial court were found to have erred, the error would have been harmless beyond a reasonable doubt. Id.

Johnson filed a self-represented petition for writ of certiorari to the Court of Appeals of Maryland. Id., Ex. 6. Johnson argued that (1) the trial court erred in determining that the peremptory strikes were improper and (2) the Court of Special Appeals erred in finding that the challenge to the detective's testimony was unpreserved and harmless. Johnson's request for writ of certiorari was denied on August 15, 2011. Id., Ex. 7. Johnson has not instituted state post-conviction proceedings. Id., Ex. 1 and ECF No. 1.

In the instant case, Johnson alleges that his detention by the state is illegal for the following reasons: (1) his Fifth and Fourteenth Amendment rights were violated when the trial

court found that use of peremptory strikes were pretextual, (2) his Fourteenth Amendment rights were violated when the trial court denied the motion for mistrial after the state withheld exculpatory evidence until the middle of trial, and (3) his Fourteenth and Fifth Amendment rights were violated when the trial court allowed a state witness to give the jury an opinion on the identification of Petitioner from a video tape.  ECF No. 1.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts.  See 28 U.S.C. § 2254 (b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction.  For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.  To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  See MD. CODE ANN., CRIM. PROC. §§ 7-101 et seq. (2001).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals.  See Stachowski v. State, 6 A.3d 907 (2010); Williams v. State, 438 A.2d. 1301 (1981).

Where a federal habeas petition presents exhausted and unexhausted claims and the unexhausted claim or claims would not be entertained by the state court if presented there, the United States Court of Appeals for the Fourth Circuit has determined "the claim to be exhausted and denied on an adequate and independent state-law ground." George v. Angelone, 100 F.3d 353, 364–65 n.14 (4th Cir. 1996).  Except in limited circumstances, see Rhines v. Weber, 544 U.S. 269, 276–79 (2005) (addressing stay of "mixed" habeas petition), where state court review

remains available, a federal habeas petition raising exhausted and unexhausted claims must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement.  In this case,  Respondents expressly decline to waive the exhaustion requirement. ECF No. 5.

Johnson has not fully exhausted his state court remedies as to each of his claims.  He has not begun post-conviction review and his Petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.[1]

Johnson is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. §2244 to impose a one-year filing deadline on applications for a writ of habeas corpus in federal court filed by state prisoners.[2]  Should he wish to refile this petition

---

[1] The Court notes that Johnson's claims before this Court mirror the three claims he raised on direct appeal and the two claims he raised in his petition for writ of certiorari.  To the extent that those claims were presented as violations of state law (rather than federal law), they remain unexhausted.  Johnson must alert the state court that a U.S. constitutional violation is asserted.  Only Johnson's claim regarding peremptory challenges was presented as a constitutional claim.  ECF No. 5, Ex. 3-5.  See Duncan v. Henry,  513 U.S. 364, 366 (1995).

[2] This section provides:

> (1)    A 1-year period of limitation shall apply to an application  for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

once he has exhausted his available state court remedies, Johnson should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  See 28 U.S.C. § 2253(c)(1).  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  The Court will not issue a COA because Petitioner has not made the requisite showing.

A separate order follows.

March 30, 2012                                                  /s/
                                                    _____
                                                    Benson Everett Legg
                                                    United States District Judge

---

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5